UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PHILLIP PULLUM,

          Plaintiff,

    v.

SANTA RITA JAIL, et al.,

          Defendants.

Case No. 18-cv-00517-YGR (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## I.    INTRODUCTION

Plaintiff, who recently was released from Santa Rita Jail, has filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His motion for leave to proceed *in forma pauperis* will be granted in a separate order.

In his complaint, Plaintiff names the following Defendants: Santa Rita Jail; the Dublin California Police Department; and the City of Dublin California. Dkt. 1 at 1. Plaintiff seeks monetary damages. *Id*. at 3.

## II.    DISCUSSION

### A.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." To comport with Rule 8, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests*.*" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

A supervisor may be liable under section 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). This includes evidence that a supervisor implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Redman*, 942 F.2d at 1446; *see Jeffers v. Gomez*, 267 F.3d 895, 917 (9th Cir. 2001).

**B. Legal Claims**

Plaintiff presents a variety of allegations that occurred at a hospital on October 19, 2017. Dkt. 1 at 3. Plaintiff alleges that he was forced to leave the hospital by "officers (unknown at this time)," and he was subject to police brutality, falsely accused with assault, and arrested without being read his *Miranda* rights. *Id.* at 3-4. For the following reasons, Plaintiff's complaint must be dismissed with leave to amend.

First, to be sure, the use of excessive force by a law enforcement officer in effectuating an arrest states a valid claim under 42 U.S.C. § 1983. See *Graham v. Connor*, 490 U.S. 386, 394-95 (1989). Here, however, Plaintiff has failed to allege even the most basic facts regarding the alleged use of force, such as the location of the use of force, i.e., the name of the hospital. Most importantly, he has failed to name individual defendants and to allege what each defendant did individually to contribute to the alleged use of excessive force. To state a cognizable claim against individual defendants, Plaintiff must "set forth specific facts as to each individual defendant's" role in depriving Plaintiff of his protected rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Furthermore, liability may be imposed only if Plaintiff can allege and show that the defendant actually and proximately caused the deprivation of a federally protected right. See *id*. Plaintiff will be given leave to amend the complaint to set forth additional facts regarding the alleged use of force, and to set forth specific facts showing that each individual defendant's actions proximately caused a violation of Plaintiff's constitutional rights, provided he can do so in good faith.

Second, Plaintiff will likely be naming Doe Defendants because, as mentioned above, the officers' names are "unknown at this time." Dkt. 1 at 3. The use of "Jane Doe" or "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), but sometimes is necessary when a plaintiff cannot discover the identity of the defendant before filing the complaint. Although the use of a Doe Defendant designation is acceptable to withstand dismissal of a complaint at the initial review stage, using a Doe Defendant designation creates its own problem: that person cannot be served with process until he or she is

identified by his or her real name. Plaintiff must take steps promptly to discover the full name (i.e., first and last name) of each of the Doe Defendants and provide that information to the Court in his amended complaint. The burden remains on the plaintiff; the Court will not undertake to investigate the names and identities of unnamed defendants. If Plaintiff is unable to discover the names of certain Doe Defendants by the deadline to file his amended complaint, he may use Doe Defendant designations to refer to these Doe Defendants. However, he must number them, e.g., John Doe #1, John Doe # 2, etc. so that each numbered John Doe refers to a different person.

Third, Plaintiff names Santa Rita Jail, the Dublin Police Department, and the City of Dublin as Defendants. However, Plaintiff does not allege that these Defendants' policies or customs caused him harm, as is required to state a claim against local governments. *See Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 681 (9th Cir. 1984). While local governments are "persons" subject to liability under section 1983 where official policy or custom causes a constitutional tort, *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978), in order to impose municipal liability against these Defendants under section 1983 for a violation of constitutional rights resulting from governmental inaction or omission, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). Plaintiff has not done so here. Therefore, Defendants Santa Rita Jail, the Dublin Police Department, and the City of Dublin are DISMISSED pursuant to the Court's power to screen a complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(a), (b).

Fourth, the record is unclear as to whether Plaintiff exhausted his administrative remedies before filing his federal complaint. The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), amended 42 U.S.C. § 1997e to provide that "[n]o action

4

shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Under this section, an action must be dismissed unless the prisoner exhausted his available administrative remedies before he filed suit, even if the prisoner fully exhausts while the suit is pending. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain, speedy and effective." *Id.* at 524; *Booth v. Churner*, 532 U.S. 731, 739-40 & n.5 (2001). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. *Id.* at 741. The purposes of the exhaustion requirement include allowing the prison, or the jail in this case, to take responsive action, filtering out frivolous cases and creating an administrative record. *See Porter*, 534 U.S. at 525. A prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir.), *cert. denied*, 540 U.S. 810 (2003). Therefore, a claim may be dismissed without prejudice if it is clear from the record that the plaintiff has conceded that he did not exhaust administrative remedies. *Id.* Here, on his civil rights complaint form, Plaintiff simply states that he has not appealed to the highest level of appeal available, and that he did not present his claim for review through the jail's grievance procedure because it was "no[t] applicable." Dkt. 1 at 2. Without any further details regarding his administrative appeal process, or any obstacles he may have encountered, there is no showing that Plaintiff has exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a). Therefore, his complaint is DISMISSED with leave to amend in order to prove that he exhausted *all* of his claims before he filed this action. If Plaintiff did exhaust his administrative remedies with respect to any

or all of those claims before filing this action, he may amend his complaint to so allege, as set forth below.

In sum, even when Plaintiff's claims are liberally construed, he has failed to provide adequate information for the Court to determine whether the allegations in the complaint state cognizable claims for relief with respect to each of the defendants who were responsible for the alleged constitutional violations. Furthermore, Plaintiff has failed to allege that he has properly exhausted his claims and that they meet proper joinder requirements. Accordingly, Plaintiff will be given leave to file an amended complaint in which he clearly links each defendant to the alleged injuries for which that defendant is alleged to be responsible. While Plaintiff must, in filing his amended complaint, provide sufficient information to give the defendants fair notice of the nature of the claims against them, Plaintiff need not provide a lengthy narrative with respect to each defendant to satisfy the pleading requirements of Rule 8. Instead, Plaintiff should provide a concise statement identifying each defendant and the specific action or actions the defendant took, or failed to take, that allegedly caused the deprivation of Plaintiff's constitutional rights, as well as the injury resulting therefrom. If Plaintiff is unable to discover the names of the "unknown" officers by the deadline to file an amended complaint, Plaintiff may use Doe Defendant designations to refer to them but he must number them, e.g., John Doe #1, John Doe # 2, etc. so that each numbered John Doe refers to a different person. Additionally, Plaintiff should not name any defendant who is linked solely in his respondent superior capacity or against whom Plaintiff cannot allege facts that would establish supervisorial liability.

## III.   CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.      Plaintiff's complaint is DISMISSED with leave to amend in order to give him the opportunity to file a **simple, concise and direct** Amended Complaint which:

a.      States clearly and simply each claim he seeks to bring in federal court as required under Rule 8, and he should:

       i.       Set forth **each claim** in a separate numbered paragraph;

       ii.      Identify **each defendant** and the **specific action or actions each defendant took, or failed to take**, that allegedly caused the deprivation of Plaintiff's constitutional rights; and

       iii.     Identify the injury resulting **from each claim**;

b.    Explains how he has exhausted his administrative remedies **as to each claim** as against **each defendant** before he filed this action;

c.    **Does not** make conclusory allegations linking each defendant without specifying how each defendant was linked through their actions;

d.    **Names** each of the Doe Defendants, but if Plaintiff is unable to discover the names of certain Doe Defendants by the deadline to file his amended complaint, he may use Doe Defendant designations but he must number them, e.g., John Doe #1, John Doe # 2, etc. so that each numbered John Doe refers to a different person; and

e.    **Does not** name any defendant who did not act but is linked solely in his or her respondent superior capacity or against whom Plaintiff cannot allege facts that would establish either supervisorial or municipal liability.

2.    Within **twenty-eight (28) days** from the date of this Order, Plaintiff shall file his Amended Complaint as set forth above.  Plaintiff must use the attached civil rights form, write the case number for this action—Case No. C 18-00517 YGR (PR)—on the form, clearly label the complaint "Amended Complaint," and complete all sections of the form.  Because the Amended Complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992).  He may not incorporate material from the original complaint by reference.  If Plaintiff wishes to attach any additional pages to the civil rights form, he shall maintain the same format as the form, i.e., answer only the questions asked in the "Exhaustion of Administrative Remedies" section without including a narrative explanation of each grievance filed.

       **Plaintiff's failure to file his Amended Complaint by the twenty-eight-day deadline or**

**to correct the aforementioned deficiencies outlined above will result in the dismissal of this action without prejudice.**

3.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address.  *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address.  *See* L.R. 3-11(b).

4.      The Clerk of the Court shall send Plaintiff a blank civil rights form along with a copy of this Order.

IT IS SO ORDERED.

Dated:  July 5, 2018

_____
YVONNE GONZALEZ ROGERS
United States District Judge