UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PHILLIP PULLUM,

    Plaintiff,

v.

OFFICER RYAN TUJAGUE,

    Defendant.

Case No. 18-cv-00517-YGR (PR)

**ORDER OF PARTIAL DISMISSAL AND SERVICE**

## I. INTRODUCTION

Plaintiff, who was formerly in custody at Santa Rita Jail ("SRJ"), filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 presenting a variety of allegations that stemmed from an incident on October 19, 2017 at Valley Care Medical Center in Pleasanton, California. Dkt. 1 at 3. Plaintiff alleges that he was forced to leave the hospital by "officers (unknown at this time)," and he was subject to police brutality, falsely accused with assault, and arrested without being read his *Miranda*[1] rights. *Id.* at 3-4. Plaintiff had originally named the following Defendants: SRJ; the Dublin Police Department; and the City of Dublin. *Id.* at 1. His motion for leave to proceed *in forma pauperis* has previously been granted.

In its Order dated July 5, 2018, the Court reviewed Plaintiff's original complaint and dismissed it with leave to amend. Dkt. 14. Defendants SRJ, the Dublin Police Department, and the City of Dublin were dismissed because they could not be held liable under section 1983 simply on the theory they were responsible for the actions or omissions of their employees. *Id.* at 4. The Court stated that Plaintiff failed to provide adequate information for the Court to determine whether the allegations in the complaint stated cognizable claims for relief with respect to each of the defendants who were responsible for the alleged constitutional violations. *Id.* at 3-5. Furthermore, the Court found that Plaintiff had failed to allege that he had properly exhausted his claims and that they met proper joinder requirements. *Id.* at 4-5. Thus, Plaintiff was given leave

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

1  to file an amended complaint in which he corrected the aforementioned deficiencies and clearly

2  linked each defendant to the alleged injuries. *Id.* at 5-7.

Thereafter, Plaintiff filed an amended complaint, which is now before the Court for review under 28 U.S.C. § 1915A.

Venue is proper because the events giving rise to the claim are alleged to have occurred in Alameda County, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

In his amended complaint, Plaintiff names the following Defendants: Pleasanton Police Officer Ryan Tujague; Officer John Doe; Pleasanton Police Department; City of Pleasanton; and SRJ. Plaintiff seeks monetary damages.

## II. DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id*. § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

### B. Background

Plaintiff alleges that on October 19, 2017, he was subjected to excessive force and further violations of his constitutional rights during the course of his arrest, the resulting false charges brought by Defendant Tujague, and his unlawful imprisonment at SRJ. Specifically, Plaintiff alleges that after he was brought to Valley Care Medical Center by ambulance, Defendant Tujague and Officer John Doe approached Plaintiff after responding to a call from an unnamed medical

doctor. Dkt. 15 at 6. Plaintiff informed them that he was "ill and experiencing dizziness, vomiting, faint[ing] spells, and weakness in his legs and needed a diagnosis of his condition but...[he] had not been diagnosed." *Id.* Defendant Tujague directed Plaintiff to leave or he would be arrested for trespassing. *Id.* Plaintiff claims that he "complied [with] [Defendant Tujague's] direct order and upon compliance [Plaintiff] was assaulted by [Defendant Tujague] who punched [him] in the throat and body slam[med] him on a bed." *Id.* Plaintiff adds that when Defendant Tujague arrested him, the officer failed to "give [him] access to his Due Process Right[s]," which the Court construes as a failure to read him his *Miranda* rights. *Id.* at 7. Plaintiff claims that Defendant Tujague then filed false charges of Assault on a Police Officer against Plaintiff. *Id.* at 7-8. Plaintiff further claims that he was "falsely imprisoned [at SRJ]" and "strip searched [and] humiliated and subject to abuse by [SRJ] deputies." *Id.* at 9. He adds that his injuries from the aforementioned assault required medical treatment, but he was denied such treatment at SRJ. *Id.* at 10. Plaintiff claims that he was held in custody for thirty days until he was released after a judge dismissed all charges against him on November 20, 2017. *Id.* Plaintiff claims he lost his job as well as business opportunities, and he suffered "substantial lost wages." *Id.*

### C. *Heck v. Humphrey*

An action under 42 U.S.C. § 1983 seeking damages for an alleged illegal search and seizure upon which criminal charges are based is barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), until criminal charges have been dismissed or the conviction has been overturned. *See Guerrero v. Gate*s, 357 F.3d 911, 918 (9th Cir. 2004) (*Heck* barred plaintiff's claims of wrongful arrest, malicious prosecution and conspiracy among police officers to bring false charges against him); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (*Heck* barred plaintiff's false arrest and imprisonment claims until conviction was invalidated); *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (*Heck* barred plaintiff's claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him). Further, in order to maintain an action for compensatory damages, the plaintiff must allege an actual, compensable injury separate from the injury of being convicted and imprisoned. *Heck*, 512 U.S. at 487 n.7.

3

In the instant case, Plaintiff's claims are not barred by *Heck* because he claims that all charges were dismissed. *Heck*, 512 U.S. 477, 487. Additionally, Plaintiff's lost income stemming from losing his job as well as business opportunities could show that he has alleged actual, compensable injury separate from the injury of being convicted and imprisoned. *Id.* at 487 n.7. Therefore, Plaintiff's claims are not barred pursuant to *Heck*.

### D. Legal Claims

#### 1. Claims Against Defendants Tujague and Officer John Doe

A claim that a law enforcement officer used excessive force in the course of an arrest or other seizure is analyzed under the Fourth Amendment reasonableness standard. *See Graham v. Connor*, 490 U.S. 386, 394-95 (1989); *Forrester v. City of San Diego*, 25 F.3d 804, 806 (9th Cir. 1994), *cert. denied*, 513 U.S. 1152 (1995). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *See Graham*, 490 U.S. at 396 (citations omitted). Liberally construed, Plaintiff's complaint states a cognizable claim against Defendants Tujague and Officer John Doe for a Fourth Amendment violation for using excessive force against Plaintiff. *See id.*; *see also Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison official's failure to intervene to prevent constitutional violation may be basis for liability). Even if Plaintiff's charges had not been dismissed, his claim for use of excessive force during the course of his arrest may not necessarily imply the invalidity of the arrest or conviction and therefore may not be barred by *Heck*. *See Guerrero*, 442 F.3d at 703; *Cabrera*, 159 F.3d at 380; *Smithart*, 79 F.3d at 952-53. The claim will proceed against Defendants Tujague and Officer John Doe. *See Rutherford v. City of Berkeley*, 780 F.2d 1444, 1447 (9th Cir. 1986) (allegation of use of excessive force by law enforcement officer in effectuating an arrest states a valid claim under section 1983), *overruled on other grounds by Graham v. Connor*, 490 U.S. 386 (1989). However, regarding Defendant Officer John Doe, Plaintiff describes this Defendant as the officer who responded to Valley Care Medical Center with Defendant Tajugue and failed to intervene during the use of force against Plaintiff, but states that he does know this Defendant's name. *Id.* at 3. Although the

use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wiltsie v. Cal. Dep't of Corrections*, 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. *See Gillespie*, 629 F.2d at 642; *Velasquez v. Senko*, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986). Plaintiff must provide to the Court the full name of Defendant Officer John Doe by the date scheduled in this Order for any served Defendant to file a dispositive motion. Failure to do so will result in dismissal of Defendant Officer John Doe without prejudice to Plaintiff filing a new action against him or her.

As mentioned above, because all charges were dismissed against Plaintiff, his claim challenging/implicating the validity of his arrest is also not barred under the rationale of *Heck*. *Cf. Guerrero*, 442 F.3d at 703; *Cabrera*, 159 F.3d at 380; *Smithart*, 79 F.3d at 952-53. Thus, Plaintiff's claims challenging/implicating the validity of his arrest will also proceed against Defendant Tujague.

### 2. Claims Against Remaining Defendants

Third, Plaintiff names Pleasanton Police Department, City of Pleasanton, and SRJ as Defendants. However, Plaintiff does not allege that these Defendants' policies or customs caused him harm, as is required to state a claim against local governments. *See Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 681 (9th Cir. 1984). While local governments are "persons" subject to liability under section 1983 where official policy or custom causes a constitutional tort, *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978), in order to impose municipal liability against these Defendants under section 1983 for a violation of constitutional rights resulting from governmental inaction or omission, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation.

5

*See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). Plaintiff has not done so here. Therefore, Defendants Pleasanton Police Department, City of Pleasanton, and SRJ are DISMISSED pursuant to the Court's power to screen a complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(a), (b).

### 3. Exhaustion Issues

The record is unclear as to whether Plaintiff exhausted his administrative remedies before filing his federal complaint. The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Under this section, an action must be dismissed unless the prisoner exhausted his available administrative remedies before he filed suit, even if the prisoner fully exhausts while the suit is pending. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain, speedy and effective." *Id.* at 524; *Booth v. Churner*, 532 U.S. 731, 739-40 & n.5 (2001). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. *Id.* at 741. The purposes of the exhaustion requirement include allowing the prison, or the jail in this case, to take responsive action, filtering out frivolous cases and creating an administrative record. *See Porter*, 534 U.S. at 525. A prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir.), *cert. denied*, 540 U.S. 810 (2003). Therefore, a claim may be dismissed without prejudice if it is clear from the record that the plaintiff has conceded that he did not exhaust administrative remedies. *Id.*

6

Here, in his amended complaint, Plaintiff states that he has not appealed to the highest level of appeal available, and that he did not present his claim for review through the jail's grievance procedure. Dkt. 1 at 2. However, he points out that his "remedies were exhausted" through the judge's dismissal of all charges. *See id.* at 1-2. It also seems that Plaintiff claims that he did not exhaust his excessive force claims and claims challenging/implicating the validity of his arrest through the grievance process because he feared abuse from deputies. *See id*. It thus appears he has not exhausted his administrative remedies as to the aforementioned claims as required by 42 U.S.C. § 1997e(a). If the allegations that his feared abuse by deputies at the jail are true, however, it may be that administrative remedies are not "available" within the meaning of the statute. This is an issue better resolved at a later stage of the case.

Meanwhile, as to the remaining claims relating to Plaintiff's strip-search and jail officials' failure to provide him treatment at the jail, Plaintiff was directed to allege in his amended complaint that he had properly exhausted any claims he raised and that they met proper joinder requirements. Dkt. 14 at 5-7. But he has failed to do so. Without any details regarding his administrative appeal process, or any obstacles he may have encountered, there is no showing that Plaintiff has exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a). Therefore, these claims are DISMISSED WITHOUT PREJUDICE to raising them in a new action if he can allege that he has properly exhausted such claims.

### III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff states a cognizable Fourth Amendment claim for the use of excessive force against Defendants Tujague and Officer John Doe. Plaintiff must provide to the Court the name Defendant Officer John Doe by the dispositive motion due date indicated below. Failure to do so will result in dismissal of Defendant Officer John Doe without prejudice to Plaintiff filing a new action against him or her.

2. Plaintiff's claims challenging/implicating the validity of his arrest will also proceed against Defendant Tujague.

3. The claims against Defendants Pleasanton Police Department, City of Pleasanton,

and Santa Rita Jail are DISMISSED WITHOUT PREJUDICE.

4. The claims relating to Plaintiff's strip-search and the jail officials' failure to provide him treatment at the jail are DISMISSED WITHOUT PREJUDICE.

5. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto and a copy of this Order to **Pleasanton Police Officer Ryan Tujague**. The Clerk shall also mail a copy of the complaint and a copy of this Order to the City Attorney's Office in Pleasanton. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

6. Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires Defendant to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendant, after being notified of this action and asked by the court, on behalf of Plaintiff, to waive service of the summons, fail to do so, Defendant will be required to bear the cost of such service unless good cause be shown for Defendant's failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendant had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendant is asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendant has been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

6. Defendant shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

a. No later than **twenty-eight (28) days** from the date the answer is due, Defendant shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming

8

from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[2] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. However, the court notes that under the new law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, Defendant may move for dismissal under Rule 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise if a failure to exhaust is not clear on the face of the complaint, Defendant must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most favorable to Plaintiff shows a failure to exhaust, Defendant is entitled to summary judgment under Rule 56. *Id.* But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding. *Id.* at 1168.

If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on Plaintiff.

  b. Plaintiff's opposition to the dispositive motion shall be filed with the court and served on Defendant no later than **twenty-eight (28) days** after the date on which Defendant's motion is filed.

  c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must

---

[2] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

9

be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that—in the rare event that Defendant argues that the failure to exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents—documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse Defendant's obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

        d.        Defendant shall file a reply brief no later than **fourteen (14) days** after the

date Plaintiff's opposition is filed.

        e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

7. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the court pursuant to Rule 30(a)(2) is hereby granted to Defendant to depose Plaintiff and any other necessary witnesses confined in prison.

8. All communications by Plaintiff with the court must be served on Defendant or Defendant's counsel, once counsel has been designated, by mailing a true copy of the document to them.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the court has been returned to the court as not deliverable, and (2) the court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

10. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

Dated: 12/19/2018

                                      YVONNE GONZALEZ ROGERS
                                      United States District Judge