UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| PHILLIP PULLUM,<br>    Plaintiff,<br>v.<br>OFFICER RYAN TAJAGUE,[1]<br>    Defendant. | Case No. 18-cv-00517-YGR (PR)<br><br>**ORDER TO FILE MOTION TO SUBSTITUTE DUE TO DEATH OF PLAINTIFF; INSTRUCTIONS TO CLERK** |

Plaintiff, who was formerly in custody at Santa Rita Jail ("SRJ"), filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 presenting a variety of allegations that stemmed from an incident on October 19, 2017 at Valley Care Medical Center in Pleasanton, California. Dkt. 1 at 3.

In an Order dated December 19, 2018, the Court found that Plaintiff had stated a cognizable Fourth Amendment claim for the use of excessive force against Defendants Ryan Tajague and Officer John Doe. *See* Dkt. 16 at 4-5. The Court also found that Plaintiff's claims challenging/implicating the validity of his arrest could also proceed against Defendant Tajague. *See id.* The Court ordered service of the complaint on Defendant Tajague, and the Clerk mailed a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, and a copy of the complaint to Defendant Tajague.

To date, Defendant Tajague has not yet waived service of the summons by submitting the waiver form. Instead, the record shows that the attorney for Defendant Tajague and the City of Pleasanton, Sheila D. Crawford, Esq., has filed with the Court a suggestion of death of the litigant, stating that the Alameda County Sherriff's Office has informed her that Plaintiff died on November 27, 2018. Dkt. 19 at 1; Crawford Decl. ¶¶ 2-3; Dkt. 19-1 at 4. Attorney Crawford has also submitted a declaration indicating that on March 27, 2019, she served Plaintiff's mother, Linda Teasley-Pearson,[2] with a copy of the Suggestion of Death upon the Record. Crawford Decl.

---

[1] The Court has corrected the spelling of Defendant Tajague's last name, which was originally misspelled as "Tujague" in prior orders. *Compare* Dkt. 19 at 1 *with* Dkt. 16 at 1-2.

[2] Ms. Teasley-Pearson has been identified by Attorney Crawford as Plaintiff's mother after

¶ 7; Dkt. 19-1 at 6.

Rule 25(a)(1) of the Federal Rules of Civil Procedure provides that Rule 25(a)(1) provides that:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). Because it is not clear whether Plaintiff's claims could survive his death if pursued by his successors or representatives, the Court will not dismiss this matter at this time. However, in the absence of a party to prosecute this case, it will be dismissed.

As explained above, Defendant Tajague (through the aforementioned actions of Attorney Crawford) has triggered the running of the 90-day period because Defendant Tajague has served the notice of death upon Plaintiff's mother, who is assumed to be his representative or successor. *See Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994) ("[Rule 25] requires two affirmative steps in order to trigger the running of the 90-day period. First, a party must formally suggest the death of the party upon the record. Second, the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute."). If no motion for substitution is filed within 90 days of service of the statement of death, which was served on March 27, 2019, this matter will be dismissed by the Court on the ninety-first day, which is on June 26, 2019.

Accordingly, the Court hereby orders Plaintiff's mother, Ms. Teasley-Pearson, or another legal successor or representative to file, no later than **June 25, 2019** (which is 90-days after March 27, 2019), a motion to substitute in compliance with Rule 25 of the Federal Rules of Civil Procedure. **The Court stresses that if no motion to substitute is filed in compliance with Rule 25 of the Federal Rules of Civil Procedure, then this matter will be dismissed on June 26, 2019 without further notice.**

---

that attorney "conducted a reasonable investigation as to a legal representative of [Plaintiff's] estate or an appropriate successor upon which to serve notice of . . . Suggestion of Death Upon the Record Under the Federal Rules of Civil Procedure Rule 25(a)(1) . . . ." Crawford Decl. ¶¶ 4-7.

2

The Clerk shall serve by mail a copy of this Order upon:

**Linda Teasley-Pearson
4777 Grouse Run Drive
Apt. 107
Stockton, CA 95207**.

The Clerk shall also record such service on the docket in this matter.

IT IS SO ORDERED.

Dated: May 15, 2019

_____
YVONNE GONZALEZ ROGERS
United States District Judge